IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JMD TRANSPORTATION SERVICES, INC., ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION |
| v. ) ) | Case No. 07-2406-CM |
| DAVID H. HURSEY, ) ) | |
| Defendant. ) ) | |

**MEMORANDUM AND ORDER**

Plantiff JMD Transportation Services, Inc. brings this suit alleging that defendant David H. Hursey is personally liable for the debts of his company, Freight Hauling Logistics. The amount at issue is nearly $378,000. Defendant filed a Motion to Dismiss or for Summary Judgment (Doc. 6), arguing that (1) the court lacks subject matter jurisdiction over the case; (2) the court lacks personal jurisdiction over defendant because he was not acting in his individual capacity; (3) plaintiff fails to state a claim because plaintiff had either express or implied notice that Freight Hauling Logistics was a division of Big Dog Enterprises Logistics, LLC, shielding defendant from personal liability; and (4) alternatively, the court should transfer the case pursuant to 28 U.S.C. § 1404 for convenience of the parties and witnesses. For the following reasons, the court denies defendant's motion without prejudice.

**I.    Subject Matter Jurisdiction**

The court first addresses its subject matter jurisdiction over the case. The court has diversity jurisdiction over the case because the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Defendant has not offered any reason why subject matter jurisdiction is inappropriate, other than to argue that the court lacks personal

jurisdiction over him. Personal and subject matter jurisdiction are distinct concepts, and even if the court were to find that it lacked personal jurisdiction over defendant, the court would not dismiss the case for lack of subject matter jurisdiction. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701–02 (1982) (explaining the differences between personal jurisdiction and subject matter jurisdiction). Defendant's motion is denied on this point.

## II.     Personal Jurisdiction

The court next addresses whether it has personal jurisdiction over defendant. The answer to this question depends on whether defendant was conducting business on his own behalf or that of an unincorporated entity (Freight Hauling Logistics), or whether he was conducting business on behalf of a corporation (Big Dog Enterprises Logistics, LLC).

In establishing personal jurisdiction, plaintiff ultimately bears the burden of proof. *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984). First, plaintiff must establish a prima facie showing of personal jurisdiction. *Id.* Plaintiff did that here by alleging that defendant did business as Freight Hauling Logistics, engaging in transactions with a Kansas company. Next, defendant presented evidence suggesting that he engaged in all acts on behalf of a corporation–Big Dog Enterprises Logistics, LLC. *See Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1527 (10th Cir. 1987) ("Where the acts of individual principals of a corporation in the jurisdiction were carried out solely in the individuals' corporate or representative capacity, the corporate structure will ordinarily insulate the individuals from the court's jurisdiction.") (citations omitted). In response, plaintiff must present evidence that creates a genuine issue of material fact as to whether defendant acted in a corporate representative capacity. *See Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992). If plaintiff meets that obligation, then the court will resolve factual

disputes in favor of plaintiff. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

Plaintiff has met its burden here. Plaintiff submitted evidence suggesting that at relevant times, defendant was acting on behalf of an unincorporated entity, potentially depriving him of the corporate shield that prevents officers of corporations from being haled into court based on actions they took in their corporate representative capacity. Plaintiff also submitted evidence that plaintiff did not have express or implied notice that defendant was acting on behalf of a corporation. Genuine issues of material fact exist as to the capacity in which defendant was acting and whether plaintiff had express or implied notice of that capacity. At this time, the court cannot dismiss defendant for lack of personal jurisdiction.

### III.  Failure to State a Claim

Defendant's argument that plaintiff fails to state a claim is also unavailing at this point. Even if the court assumes that defendant acted as a corporate representative, there are genuine issues of material fact as to whether plaintiff had express or implied notice that defendant was acting on behalf of a corporation. *Cf.* Fed. R. Civ. P. 56(c) (stating that summary judgment is appropriate where genuine issues of material fact do not exist). Summary judgment is denied on this issue.

### IV.  Transfer Pursuant to 28 U.S.C. § 1404

Lastly, the court considers defendant's request to transfer the case pursuant to § 1404. Under § 1404(a), the court may transfer a case to another district or division where the case may have been brought "for the convenience of parties and witnesses" and in the "interest of justice." 28 U.S.C. § 1404(a). The decision to transfer is within the court's discretion. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). When determining whether to transfer a case, the court considers the following factors:

plaintiff's choice of forum; the accessibility of witnesses and other sources of proof,

> including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* at 1516 (quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)). The moving party bears the burden of establishing that the existing forum is inconvenient. *Id.* And "[p]laintiffs' choice of forum is afforded 'great weight .'" *Winters v. Comair Aircraft, Inc.*, No. 07-2003-KHV, 2007 WL 1299164, at *1 (D. Kan. May 3, 2007). Additionally, the court to which the case is being transferred must have jurisdiction. *Chrysler Credit Corp.*, 928 F.2d at 1515.

Here, defendant asks the court to transfer the proceedings to the Southern District of Illinois because he is a resident of O'Fallon, Illinois; his companies were headquartered there; his accountants are in Belleville, Illinois; and many of his former employees presumably remain in the St. Louis metropolitan area. In other words, Kansas is an inconvenient forum for many of his anticipated witnesses. But this factor must be weighed against all of the other factors listed above, including plaintiff's choice of forum, which is heavily weighted. Plaintiff's records, personnel, and contacts are in Kansas. Plaintiff also suggests that this case will not be document-intensive because "[t]he core issues . . . involve the lack of documentation supporting the relationship of Freight Hauling Logistics to Big Dog Enterprises Logistics, LLC, the failure to notify plaintiff of the relationship; and the insufficiency of such notification, if any was ever given." This indicates to the court that whether the case is heard in Kansas or Illinois may not impact cost as much in this case as it might in others. Moreover, neither considerations of congested dockets nor the possibility of questions arising in the area of conflicts of law weighs in favor of transfer. Although it is possible that the Illinois Assumed-Name Acts will be addressed at some point in the lawsuit, this court is

capable of applying either Kansas or Illinois law, whichever the court determines is appropriate.

After considering all of the factors identified in *Chrysler Credit Corp.*, the court finds that the parties can receive an expeditious and economical trial in the District of Kansas. Transfer would only serve to shift the burden of an inconvenient venue from defendant to plaintiff. *See KCJ Corp. v. Kinetic Conceptes, Inc.*, 18 F. Supp. 2d 1212, 1214 (D. Kan. 1998) (citation omitted). The court therefore declines to transfer the case pursuant to § 1404.

## V.    Surreply

The court allowed plaintiff to file a surreply to address issues raised in defendant's reply brief, but stated that it would only consider portions of the surreply that addressed new factual and legal issues raised in defendant's reply brief. (Doc. 22.) After reviewing defendant's reply and plaintiff's surreply, the court determines that the arguments and evidence contained in plaintiff's surreply are unnecessary to the court's rulings in this Memorandum and Order. In other words, plaintiff created a genuine issue of material fact as to the relevant matters based only on its brief in response to defendant's motion and its attachments. The court has not considered plaintiff's surreply in reaching its decision here.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss or for Summary Judgment (Doc. 6) is denied without prejudice.

Dated this 30th day of September 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**